944 F.2d 901
 33 ERC 1799
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DETROIT EDISON COMPANY, Duke Power Company, Gulf Power
Company, Kansas Gas & Electric Company, Mississippi Power &
Light Company, Pacific Gas & Electric Company, Potomac
Electric Power Company, San Diego Gas & Electric Company,
Savannah Electric & Power Company, South Carolina Electric &
Gas Company, Southern California Edison Company,
Southwestern Electric Power Company, Wisconsin Power & Light
Company, Wisconsin Public Service Corporation, Plaintiffs-Appellants,
v.
PACIFIC INSURANCE COMPANY, Defendant-Appellee,
and
SED, Incorporated, James B. Caldwell, John H. Olmsted, Defendants.
 No. 90-1518.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., United States District Judge. (CA-87-878-G-C)
 Argued: John Lester Sarratt, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., for appellants; Frederick K. Sharpless, Elrod & Lawing, P.A., Greensboro, N.C., for appellee.
 On Brief: William G. Ross, Jr., S. Kyle Woosley, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., for appellants; J. Reed Johnston, Jr., Tuggle, Duggins & Meschan, P.A., Greensboro, N.C., for appellee; Thomas W. Brunner, Marilyn E. Kerst, Frederick S. Ansell, Wiley, Rein & Fielding, Washington, D.C., for amicus curiae.
 M.D.N.C., 742 F.Supp. 287.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiffs below were Detroit Edison and fourteen electric utility companies who were generators of toxic waste which was transported, stored, and processed by SED, Inc., in Greensboro, North Carolina. The initial defendants were SED, its principals, and its insurer, Pacific Insurance Company. SED was a company organized to provide waste disposal services. It received PCB capacitors and other materials from the plaintiffs from 1982 until the spring of 1985. SED processed and disposed of only a limited number of capacitors before it terminated its operation in 1985, abandoning more than five million pounds of toxic waste. The toxic waste was found in containers stored in two warehouses and eight truck trailers at the SED site in the Greensboro area. EPA ordered Detroit Edison and the other plaintiffs to clean up the contamination under § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a).
 
 
 2
 Detroit Edison and the other plaintiffs, invoking § 113(f)(1) of CERCLA, as amended by SARA,* then brought this action against SED, its principals, and insurer, Pacific Insurance Company, to recoup the clean-up costs they had been required to pay. It was later determined that SED and its principals were insolvent, and with the agreement of the court, the action was restructured as a direct one against Pacific. The parties stipulated that SED was unquestionably liable for the clean-up costs. The only issue before the district court was whether the policy which Pacific issued to SED covered it against liability for the plaintiffs' clean-up costs. On Pacific's motion, the district court granted it summary judgment. Detroit Edison and the other plaintiffs appeal, and we affirm.
 
 
 3
 The insurance policy that Pacific issued to SED obligates Pacific:
 
 
 4
 To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay for damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD ... FOR:
 
 1. Personal injury
 2. Property damage
 
 5
 3. Impairment or diminution of or other interference with any other environmental right or amenity protected by law; caused by Environmental Impairment and arising out of or in the course of the Insured's business and/or locations both as specifically designated in the Policy Declaration.
 
 
 6
 The plaintiffs conceded their claim was neither based on personal injury nor property damage but argued they had been deprived of an "environmental right." The court found that the term "environmental right" as used in the insurance policy was unambiguous and relates only to damage done to third parties not traditionally categorized as personal injury or property damage (such as that caused by nuisances). It reasoned that the policy did not insure SED against claims by generators which had contracted with SED for disposal of their toxic waste.
 
 
 7
 We agree and affirm based on the reasoning of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. §§ 9601 et seq